# Supreme Court of Florida

----------

No. SC2022-0846

----------

**INQUIRY CONCERNING A JUDGE JQC NOS. 2022-189 &
2022-203 RE: HON. WAYNE CULVER.**

November 27, 2024

PER CURIAM.

The Judicial Qualifications Commission has submitted findings, conclusions, and recommended discipline after a full hearing involving Seminole County Judge Wayne Culver.  The Commission found that Judge Culver violated several canons of the Code of Judicial Conduct by engaging in abusive and intemperate conduct during two separate court proceedings.  As discipline, the Commission recommends a 60-day suspension without pay; a public reprimand; and continued anger management and treatment for stress.  We accept the Commission's findings and conclusions, and we impose the recommended suspension and public reprimand.  Art. V, § 12(c)(1), Fla. Const. ("The supreme court may

accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission . . . .")

The Commission's hearing panel considered three charges alleging intemperate conduct in separate incidents that occurred on January 25, February 9, and February 10, 2022, during Judge Culver's second year on the county bench. The panel found no canon violations as to the January 25 incident. We accept that conclusion and limit our discussion to the two February incidents.

On February 9, Samuel Perez appeared before Judge Culver at a hearing to determine whether Perez had violated an injunction requiring him to complete a "batterer's intervention program." The Commission found that Perez "was polite and respectful at the hearing, and apologetic for failing to complete the [program] earlier." Judge Culver "nevertheless found him in direct criminal contempt based on failure to complete the [program], sentenced him to the maximum 179 days in jail, and had Mr. Perez summarily taken into custody." Judge Culver cut off Perez when the latter asked to address the court. A woman seated in the gallery stood up and began to address the court, but within a few seconds Judge Culver told her: "Ma'am, sit down or you're going to go into custody as

well." The Fifth District Court of Appeal later concluded that Judge Culver's handling of the contempt proceeding violated the governing rules of procedure, in part by failing to offer Perez a meaningful opportunity to present mitigation testimony. *Perez v. State*, 334 So. 3d 742, 742 (Fla. 5th DCA 2022). After Perez had already spent more than a month in jail, the district court granted an emergency habeas petition for his release.

The day after the hearing in the *Perez* case, Kevin Newton was scheduled to appear before Judge Culver. Newton entered the courtroom while a different hearing was underway, and he could not find a seat. According to the Commission, "Judge Culver noticed him, and yelled in a loud, aggressive voice, 'Sir, I'm doing something here. Could you shut up and sit down.' " Newton responded that he was trying to find a seat. To which Judge Culver replied: "That's not shutting up. You want to be held in contempt and go to jail? I asked you a f*****g question, a*****e." Newton answered, "No, Sir," and Judge Culver said, "Then shut up." The Commission tells us that, at his disciplinary hearing, "Judge Culver admitted shocking himself by his use of profanity, and that members of the public would rightly be appalled."

We conclude that the Commission's factual findings, which Judge Culver has not contested, are supported by clear and convincing evidence. *See In re Hobbs*, 338 So. 3d 848, 853-54 (Fla. 2022) (Commission's factual findings must be supported by clear and convincing evidence). And we agree with the Commission's conclusion that Judge Culver violated Canons 1, 2, 3B(2), 3B(4), and 3B(7) of the Code of Judicial Conduct. Those canons together require judges to conduct themselves with integrity; to be patient, dignified, and courteous toward others in official settings; and to be faithful to and maintain professional competence in the law. It is self-evident that Judge Culver's profane outburst at Mr. Newton violated the canons. As to the other February 2022 incident, while the Commission was right to acknowledge that "[t]here is a fine line between legal error (addressed by appellate courts) and violation of the judicial canons (addressed in disciplinary proceedings)," we agree that Judge Culver's handling of Mr. Perez's contempt hearing crossed that line.

That leaves the issue of the appropriate discipline. Viewed in the abstract, Judge Culver's behavior toward Mr. Newton was so unacceptable, and so potentially corrosive of public confidence in

the judiciary, as to render Judge Culver a candidate for removal from the bench. But here the Commission heard mitigating evidence that it described as "overwhelming."

The Commission heard evidence that Judge Culver's misconduct occurred over a brief period during which he experienced "intense personal pressure and loss" while he cared for his imminently dying father. The state attorney, a public defender, and several judges (including two chief judges) testified on Judge Culver's behalf, each familiar with Culver's conduct both as an attorney and a judge (Culver was admitted to The Florida Bar in 2001 and became a judge in 2021). Though each witness acknowledged that Judge Culver had committed misconduct here, they said that they "had never seen him engage in this type of behavior before or since." The evidence further showed that Judge Culver has voluntarily received mental health counseling for the past two years, and that he has been remorseful and cooperative throughout the disciplinary process. Judge Culver has no disciplinary history as a lawyer or judge.

The combined weight of this evidence led the Commission to conclude that, "[a]s recounted by his peers, the public still holds

Judge Culver in high standing and esteem." Based on the testimony it heard, the Commission came to believe that Culver "is genuinely contrite, has learned from this experience, and continues to be effective as a judge." The Commission deemed Judge Culver's misconduct "aberrational, situational and attributable to stressful personal problems." And the Commission was persuaded that Judge Culver's misconduct is unlikely to recur.

We do not see grounds to deviate from the Commission's recommendations that Judge Culver be suspended for 60 days without pay and publicly reprimanded. We therefore accept those recommendations and order (1) that Judge Culver's 60-day suspension without pay will be effective on a date within 30 days of the issuance of this opinion and as determined by the chief judge of the Eighteenth Judicial Circuit and (2) that Judge Culver must appear before this Court for the administration of a public reprimand at a time to be set by the Clerk of this Court. Although we expect that Judge Culver will continue to seek necessary mental health counseling, we do not order him to do so, because the Florida Constitution lists the allowable disciplinary sanctions as

"reprimand, fine, suspension with or without pay, or lawyer discipline." Art. V, § 12(a)(1), Fla. Const.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Gregory W. Coleman, Chair, Alexander J. Williams, General Counsel, Hugh Brown, Assistant General Counsel, and Lauri Waldman Ross, Counsel to the Hearing Panel, Judicial Qualifications Commission, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Warren W. Lindsey of Lindsey, Ferry & Parker, P.A., Maitland, Florida,

for Judge Wayne Culver, Respondent